## (May 14, 1974)

■ ANTHONY MASON, Respondent, v. LESLIE MASON, Appellant.— Order, Supreme Court, New York County, entered January 18, 1974, which granted the plaintiff's application to confirm the report of the special referee, and held the defendant in contempt of court and fined her the sum of $2,500, reversed, on the law and the facts, without costs and without disbursements, and the application denied. The parties who are divorced, during their marriage purchased a building on East 66th Street in Manhattan as tenants in common. The plaintiff husband was later appointed receiver of the premises. The defendant-appellant wife, without permission, exercised self-help by taking an apartment in the building which had become vacant, claiming that she was switching from another larger apartment in the building. While the referee found that she had no proper basis for occupying the vacant apartment, to hold her in contempt there has to be a clear showing of the defendant-appellant's violation of the court's order enjoining interfering with the receiver's "management of the property". There is no specific clause of the order of August 21, 1970 appointing the receiver, that she has violated. In a previous reference, it was reported that there was no provision "regarding the use and occupancy of an apartment by either of the parties." Further, she did have an apartment, which she gave up in order to take the vacant apartment in the building of which she is a co-owner. While the fine is based on the rental of $250 a month paid by the tenant who vacated, in the previous reference concerning the larger apartment, the question of rent was left for the trial of the action. To then use rent as a basis for a contempt fine is to depart from this determination. (Cf. Judiciary Law, § 773.) Under the circumstances, the husband's procedure as receiver could have been to apply for an order directing the defendant's removal (see, e.g., Real Property Actions and Proceedings Law, §§ 631, 633) from the recently occupied apartment, and, if

granted, a violation thereof could then have led to a determination of contempt. Concur — McGivern, P. J., Nunez, Kupferman and Capozzoli, JJ.; Steuer, J., dissents in the following memorandum: I dissent. There is no necessity for the procedure suggested in the majority opinion, and its sole effect, would be to require two applications where one clearly suffices. As appears in the majority opinion, this is not the first occasion on which the defendant has flouted the order of the court and interfered with the management of the building. The proof before the referee showed in this instance that defendant appropriated an unoccupied apartment and, by changing the locks, kept the plaintiff from renting the apartment and from making proposed changes in that and the neighboring unit so as to make them suitable for commercial leasing. I would agree with Special Term that if this does not constitute interference with the management of the building it is difficult to conceive what would. Furthermore, the contention that as an owner in common the defendant had the right to change apartments is baseless both as to law and fact. Defendant occupied an apartment for residential purposes. She purported to take over this apartment not in lieu of her residence but to open a professional office. In so doing she thwarted the efforts of plaintiff in managing the building. Why the plaintiff should first be required to evict the defendant and then move to punish her is not apparent. I would affirm.